# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2843

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Lance Kolesar, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 12, 2011
Filed: June 9, 2011

_____

Before COLLOTON, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Lance Kolesar appeals from the district court's[1] order civilly committing him to the custody of the Attorney General of the United States, pursuant to 18 U.S.C. § 4246. The district court found that Kolesar suffers from a mental disease or defect, that his release would create a substantial risk of bodily injury to another person or serious damage to the property of another, and that a suitable state placement was not available. We affirm.

---

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

On June 8, 2009, the United States District Court for the District of Montana found Kolesar incompetent to stand trial on the charge of unlawful possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(2). The district court committed Kolesar to the custody of the Attorney General for further mental health evaluations under 18 U.S.C. § 4246. The government transferred Kolesar to the United States Federal Medical Center for Federal Prisoners ("MCFP"), located in Springfield, Missouri.

On August 12, 2009, the government filed a petition to determine whether Kolesar should be civilly committed under 18 U.S.C. § 4246. The petition included a certification by the director of MCFP that Kolesar had a mental health disease that rendered him substantially dangerous to the public, and that suitable arrangements for state custody and care over him were not available. Prior to this filing, a social worker at MCFP sent a referral packet to the State of Montana, inquiring whether the State would be willing to accept Kolesar for care, custody, and treatment in the state hospital system. The State failed to respond, and follow-up attempts by the social worker were unsuccessful.

A magistrate judge conducted a hearing on the government's petition, and subsequently recommended Kolesar's commitment. After considering objections to the magistrate judge's recommendation, the district court found by clear and convincing evidence that Kolesar suffers from a mental disease or defect, that his unconditional release would create a substantial risk of bodily injury to another person or serious damage to the property of another, and that the government had made, and was continuing to make, efforts to secure state placement, but that the State had not accepted him. Consequently, the court ordered Kolesar's civil commitment pursuant to the provisions of § 4246.

Kolesar does not contest the district court's conclusion that he presently suffers from a mental disease, and that as a result he poses a substantial risk of danger to other

persons or property. Rather, Kolesar argues the warden's "unsubstantiated" certification that no suitable state placement was available violated the Insanity Defense Reform Act ("IDRA"), 18 U.S.C. §§ 4241-4247, and thus violated his Fifth Amendment due process rights. He also asserts that the court erred in finding that a suitable state placement was not available.

We consolidated this case for oral argument with No. 10-1734, *United States v. Wigren*. Wigren and Kolesar are represented by the same counsel and make identical legal arguments based on very similar facts. For the reasons stated in the opinion filed today in *Wigren*, we also reject the claims raised by Kolesar.

The judgment of the district court is affirmed.

_____